UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Oklahoma Law Enforcement Retirement System, Individually and on Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br><br>VS.<br><br>Adeptus Health, Inc, Thomas S. Hall, Timothy L. Fielding, Richard Covert, Daniel W. Rosenberg, Gregory W. Scott, Ronald L. Taylor, Jeffery S. Vender, Steven V. Napolitano, Stephen M. Mengert, Sterling Partners, Goldman Sachs & Co., and Merill Lynch, Pierce, Fenner & Smith, Incorporated,<br><br>     Defendants | § § § § § § § § § § § § § § § § § § § § § § § | Civil Action No.: 6:16-cv-01243 |

UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
TYLER DIVISION

| | | |
|---|---|---|
| Laborers' Local 235 Benefit Funds, Individually and On Behalf of All Others Similarly Situated,<br><br>     Plaintiff,<br>VS.<br><br>Adeptus Health Inc., Thomas S. Hall, Timothy L. Fielding, Richard Covert, Daniel W. Rosenberg, Gregory W. Scott, Ronald L. Taylor, Jeffery S. Vender, Steven V. Napolitano, Daniel J. Hosler, Stephen M. Mengert, Sterling Partners, Goldman, Sachs & Co., Merrill Lynch, Pierce, Fenner & Smith Incorporated, Evercore Group L.L.C., Morgan Stanley & Co. LLC, Piper Jaffray & Co., RBC | § § § § § § § § § § § § § § § § § § | Civil Action No.: 6:16-cv-01391 |

Capital Markets LLC, Dougherty & Company   §
LLC, Deutsche Bank Securities Inc., and     §
BMO Capital Markets Corp.                   §
                                            §
                    Defendants              §

**MOTION TO CONSOLIDATE ACTIONS, APPOINT LEAD PLAINTIFF, AND
APPROVE SELECTION OF LEAD COUNSEL AND LIAISON COUNSEL AND
MEMORANDUM IN SUPPORT**

**TABLE OF CONTENTS**

I.     INTRODUCTION ................................................................................................ 1

II.    SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND ....................... 3

III.   ARGUMENT ...................................................................................................... 5

   A.   The Related Actions Should Be Consolidated .................................................... 5

   B.   The PSLRA's Standard for Appointing Lead Plaintiff ........................................ 6

   C.   Mr. Rutherford is the Most Adequate Plaintiff ................................................... 7

      1.   Mr. Rutherford Has Satisfied the PSLRA's Procedural Requirements ........................ 7

      2.   Mr. Rutherford Has the Largest Financial Interest in the Relief Sought by the Class ..... 8

      3.   Mr. Rutherford Satisfies Rule 23 .................................................................... 8

   D.   The Court Should Approve Mr. Rutherford's Selection of Lead Counsel for
        the Class ....................................................................................................... 10

IV.    CONCLUSION .................................................................................................. 11

## TABLE OF AUTHORITIES

**Cases**

*Bell v. Ascendant Solutions, Inc.*,
   No. 01-166, 2002 U.S. Dist. LEXIS 6850 (N.D. Tex. Apr. 17, 2002) .............................. *passim*

*Erica P. John Fund, Inc. v. Halliburton Co.*,
   131 S. Ct. 2179 (2011) ................................................................................................. 10

*Faig v. BioScrip, Inc.*,
   No. 13-cv-6922, 2013 U.S. Dist. LEXIS 178754 (S.D.N.Y. Dec. 19, 2013) ............................ 5

*Gluck v. Cellstar Corp.*,
   976 F.Supp. 542 (N.D. Tex. 1997) ............................................................................. 8, 13

*Halliburton Co. v. Erica P. John Fund, Inc.*,
   134 S. Ct. 2398 (2014) ................................................................................................. 10

*In re Regions Morgan Keegan Closed-End Fund Litig.*,
   No. 07-2830, 2010 U.S. Dist. LEXIS 132902 (W.D. Tenn. Dec. 15, 2010) ............................ 5

*In re Waste Mgmt. Sec. Litig.*,
   128 F. Supp. 2d 401 (S.D. Tex. 2000) .......................................................................... 9

*Irving Firemen's Relief & Ret. Fund v. Tesco PLC*,
   No. 14 Civ. 8495, 2015 U.S. Dist. LEXIS 38635 (S.D.N.Y. Mar. 19, 2015) .......................... 10

**Statutes**

15 U.S.C. § 77o ......................................................................................................... 2
15 U.S.C. § 77z-1(a)(1) ............................................................................................. 6
15 U.S.C. § 77z-1(a)(3)(A)(i) .................................................................................... 6
15 U.S.C. § 77z-1(a)(3)(B)(ii) ................................................................................... 5
15 U.S.C. § 77z-1(a)(3)(B)(iii)(I) .............................................................................. 7
15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc) ........................................................................ 8
15 U.S.C. § 77z-1(a)(3)(B)(v) ................................................................................ 2, 10
15 U.S.C. § 78j(b) ..................................................................................................... 2
15 U.S.C. § 78t(a) ..................................................................................................... 2
15 U.S.C. § 78u-4(3)(B)(i) ........................................................................................ 6
15 U.S.C. § 78u-4(a)(1) ............................................................................................ 6
15 U.S.C. § 78u-4(a)(3)(A) ....................................................................................... 7
15 U.S.C. § 78u-4(a)(3)(B)(i) .................................................................................... 2
15 U.S.C. § 78u-4(a)(3)(B)(ii) ................................................................................... 5
15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) .............................................................................. 7

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc) ............................................................................................. 8

**Rules**

Fed. R. Civ. P. 6(a)(6)(A) ............................................................................................................. 7

Fed. R. Civ. P. 23(a)(4) ................................................................................................................. 9

Fed. R. Civ. P. 42(a) ..................................................................................................................... 2

Movant Jason Rutherford (hereinafter alternatively referred to as "Movant" or "Mr. Rutherford") hereby moves this Court pursuant to §21D(a)(3)(B) of the Securities Exchange Act of 1934, 15 U.S.C. §78u-4(a)(3)(B), and §27(a)(3)(B) of the Securities Act of 1933, 15 U.S.C. § 77z-1(a)(3)(B),[1] for an order: (i) consolidating the above-captioned cases; (ii) appointing Mr. Rutherford as Lead Plaintiff; (iii) approving Mr. Rutherford's selection of Kahn Swick & Foti, LLC ("KSF") as Lead Counsel and Potter Minton as Liaison Counsel respectively, under 15 U.S.C. § 78u-4(a)(3)(B)(v) and 15 U.S.C. § 77z-1(a)(3)(B)(v); and (iv) granting such other and further relief as the Court may deem just and proper.

This Motion is made on the grounds that Mr. Rutherford is the "most adequate plaintiff" to serve as lead plaintiff pursuant to the Private Securities Litigation Act of 1995. Supporting this Motion, Mr. Rutherford submits the incorporated memorandum of law, the Declaration of E. Glenn Thames, Jr. and exhibits thereto, and the Court's complete files and records in this action, as well as such further argument as the Court may allow at a hearing on this motion.

<u>**MEMORANDUM OF LAW**</u>

**I.      INTRODUCTION**

Presently pending in this District are at least two related securities class action lawsuits brought on behalf of purchasers of Adeptus Health, Inc. ("Adeptus Health" or the "Company") securities, between June 25, 2014 through November 1, 2016, inclusive (the "Class Period") (the "Related Actions").[2] The Related Actions allege violations of securities laws by Adeptus Health, certain of its current and former officers and directors, and certain underwriters (collectively, the "Defendants"). The Related Actions allege violations of Sections 11, 12(a)(2) and 15 of the

---

[1]      The standards for appointing a Lead Plaintiff under both Exchange Act and Securities Act are identical.

[2]      The first-filed action alleged a shorter March 23, 2015 through November 16, 2015 class period.

1

Securities Act of 1933, as well as violations of Sections 10(b) and 20(a) of the Securities Exchange Act of 1934 (the "Exchange Act"), 15 U.S.C. § 78j(b) and 78t(a), and U.S. Securities and Exchange Commission Rule 10b-5 promulgated thereunder.   Not all claims are alleged against all Defendants.  The Related Actions are:

| Abbreviated Case Name | Case Number | Date Filed | Class Period Alleged |
|---|---|---|---|
| *Okla. Law Enforcement Ret. Sys. V. Adeptus Health, Inc., et al.* | 6:16-cv-01243 | 10/27/2016 | April 23, 2015 – November 16, 2015 |
| *Laborer's Local 235 Benefit Funds v. Adeptus Health, Inc., et al.* | 6:16-cv-01391 | 12/22/2016 | June 25, 2014 – November 1, 2016 |

Movant respectfully submits that the Related Actions should be consolidated because they involve "a common question of law or fact."  Fed. R. Civ. P. 42(a) ("Rule 42(a)"). Once the Related Actions are consolidated, this Court should appoint as lead plaintiff the member or members of the class "most capable of adequately representing the interests of class members." 15 U.S.C. § 78u-4(a)(3)(B)(i); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(i).   With approximately $446,000.00 in losses on his investment in Adeptus Health securities during the Class Period, Mr. Rutherford believes he is the movant with the largest financial interest that otherwise meets the applicable requirements of Rule 23 of the Federal Rules of Civil Procedure ("Rule 23").

Mr. Rutherford also respectfully requests that the Court approve his selection of KSF as lead counsel and Potter Minton, a Professional Corporation ("Potter Minton") as liaison counsel for the Class. 15 U.S.C. § 78u-4(a)(3)(B)(v) ("the most adequate plaintiff shall, subject to the approval of the court, select and retain counsel to represent the class"); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(v).   KSF is a nationally recognized securities class action litigation firms that has recovered billions of dollars in damages for defrauded investors.  Potter Minton is a prestigious

litigation firm with a history of representing parties in complex litigation, including class actions. Accordingly, these firms have extensive experience and are eminently qualified to prosecute this case.

## II.      SUMMARY OF THE ACTION AND PROCEDURAL BACKGROUND

Adeptus Health is a corporation organized and existing under the laws of Delaware with principal executive offices in Lewisville, Texas. Adeptus is one of the largest operators of independent freestanding emergency rooms ("ER") in the United States. Various officers and directors of the Company, underwriters of the Company's public offerings, and a private equity firm that sold a large percentage of the Company's shares in the Company's public offerings are also named as defendants.

Adeptus's billing amounts are related to patient volume and acuity, which in turn makes acuity levels highly material to patient service revenue. Indeed, Adeptus notes in its SEC filings that "increasing patient volumes and reimbursement rates and acuity mix" are "key revenue drivers," and that system-wide same-store revenue and system-wide net patient services revenue are "key performance measures."

On November 17, 2015, KUSA, an NBC-affiliated television station located in Denver, Colorado, aired an investigative report related to billing practices occurring at the Company's ER locations in Colorado.  The KUSA report found that the Company's First Choice ERs engaged in a pattern and practice of predatory overbilling. In response to the airing of the KUSA investigative report, the price of Adeptus Health common stock plummeted more than 22% on very heavy trading volume, falling from $59.87 per share on November 16, 2015, to $46.50 per share on November 17, 2015.   The Company's share price remained artificially inflated,

however, as the Company failed to disclose the full extent of its billing issues and the impact that these issues would have on its future performance.

Adeptus was scheduled to announce its third quarter 2016 financial results pre-market on November 1, 2016, but the Company rescheduled its earnings release until after the market close, and it similarly postponed the associated conference call. That same day, the Company announced that Defendant Thomas Hall would be replaced by Defendant Gregory Scott as chairman of the Company's Board of Directors.  Media reports indicate that the announcement of the postponed quarterly earnings "surprised investors" and "caused shares to drop 13.7% as investors fearing bad news scrambled for the exits." As a result, Adeptus stock price dropped $3.25 per share or 10.8% from $30.12 per share on October 31, 2016 to $26.87 per share on November 1, 2016, on unusually heavy trading volume

After the market close on November 1, 2016, Adeptus released its third quarter earnings results, announcing that it missed earnings estimates and reporting a net loss of $11.7 million in the third quarter of 2016. Adeptus reduced its adjusted guidance for earnings before interest, taxes, depreciation, and amortization (EBITDA) for the full year, and admitted that it needed to secure emergency financing of $27.5 million (in preferred stock) from existing investors. Adeptus cited, among other things, "weaker than expected volumes in non-HOPD markets [and] collection issues associated with our third party billing agent . . . ." The next day, on November 2, 2016, Adeptus's stock price further declined from $26.87 per share to $8.60 per share on over 34 times the average daily trading volume over the last year. Thus, the two two-day decline was $21.52 per share, i.e., 71.5%, on November 1 and November 2.

On October 27, 2016, a complaint was filed in the Eastern District of Texas alleging violations of the Securities Act and the Exchange Act by the Defendants. *Ok. Law Enf. Ret. Sys.*

*v. Adeptus Health, Inc.*, No. 6:16-cv-1243 (ECF 1). Additional complaints were filed thereafter.

*Laborers' Local 235 Benefit Funds v. Adeptus Health, Inc.*, No. 4:16-cv-881 (ECF 1); *Laborers'*

*Local 235 Benefit Funds v. Adeptus Health Inc.*, No. 6:16-cv-1391 (ECF 1).

## III.    ARGUMENT

### A.    The Related Actions Should Be Consolidated

The PSLRA provides that "[i]f more than one action on behalf of a class asserting substantially the same claim or claims arising under this title [] has been filed," courts shall appoint a lead plaintiff "after the decision on the motion to consolidate is rendered."  15 U.S.C. § 78u-4(a)(3)(B)(ii); *see also Faig v. BioScrip, Inc.*, No. 13-cv-6922, 2013 U.S. Dist. LEXIS 178754, at *3 (S.D.N.Y. Dec. 19, 2013) ("The Court must decide whether to consolidate the actions before deciding on the competing motions for appointment as lead plaintiff.").  There are at least three related securities class actions pending in this District on behalf of investors who purchased Adeptus Health securities during the Class Period at artificially inflated prices.

Under Rule 42(a), consolidation is appropriate where the actions involve common questions of law or fact.  *In re Regions Morgan Keegan Closed-End Fund Litig.*, No. 07-2830, 2010 U.S. Dist. LEXIS 132902, at *44-46 (W.D. Tenn. Dec. 15, 2010).  The Court has broad discretion to determine whether consolidation is appropriate under Rule 42(a).  *Id. at *45.* Courts have recognized that class action shareholder suits are well-suited for consolidation because unification conserves judicial resources, expedites pretrial proceedings, reduces case duplication, and lessens the confusion and delay that may result from prosecuting related class action cases separately.  *Id.* at 45.

The Related Actions concern the same or similar parties, arise out of the same or similar courses of misconduct during substantially similar class periods, and involve substantially

similar alleged issues of fact and law.  Because consolidation will promote judicial efficiency and conserve the resources of the Class and all other parties, consolidation is appropriate pursuant to Rule 42(a), and the Court should grant the motion for consolidation of the Related Actions.

### B.      The PSLRA's Standard for Appointing Lead Plaintiff

The PSLRA sets forth the procedure for the selection of a lead plaintiff in "each private action arising under [the Exchange Act and/or the Securities Act] that is brought as a plaintiff class action pursuant to the Federal Rules of Civil Procedure."   15 U.S.C. § 78u-4(a)(1); 15 U.S.C. § 78u-4(3)(B)(i); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(i).   Specifically, within 20 days after the date on which a class action is filed, the plaintiff or plaintiffs shall cause to be published, in a widely circulated national business-oriented publication or wire service, a notice advising members of the purported plaintiff class –

> (I)      of the pendency of the action, the claims asserted therein, and the purported class period; and

> (II)     that, not later than 60 days after the date on which the notice is published, any member of the purported class may move the court to serve as lead plaintiff of the purported class.

15 U.S.C. § 78u-4(a)(3)(A)(i); *see also* 15 U.S.C. § 77z-1(a)(3)(A)(i).

Further, the PSLRA directs the Court to consider any motions by plaintiffs or purported class members to serve as lead plaintiff in response to any such notice within 90 days after the date of publication of the notice, or as soon as practicable after the Court decides any pending motion to consolidate any actions asserting substantially the same claim or claims.  15 U.S.C. § 78u-4(a)(3)(B); *see also* 15 U.S.C. § 77z-1(a)(3)(B).

Under the relevant sections of the PSLRA, the Court "shall" appoint the "most adequate plaintiff," and is to presume that plaintiff is the person or group of persons that:

(aa)    has either filed the complaint or made a motion in response to a notice . . .;

(bb)    in the determination of the court, has the largest financial interest in the relief sought by the class; and

(cc)    otherwise satisfies the requirements of Rule 23 of the Federal Rules of Civil Procedure.

15 U.S.C. § 78u-4(a)(3)(B)(iii)(I); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I); *see also Bell v. Ascendant Solutions, Inc.*, No. 01-166, 2002 U.S. Dist. LEXIS 6850, at *11–19 (N.D. Tex. Apr. 17, 2002).

### C.    Mr. Rutherford is the Most Adequate Plaintiff

#### 1.    Mr. Rutherford Has Satisfied the PSLRA's Procedural Requirements

The first action was filed on October, 27, 2016.  On the same day, a notice of pendency of that action was published in *PRNewswire*, a national wire service.  *See* Declaration of E. Glenn Thames, Jr. in Support of Mr. Rutherford's Motion for Appointment as Lead Plaintiff and Approval of His Selection of Lead and Liaison Counsel (hereinafter, "Thames Decl."), Ex. C. Accordingly, the time period in which class members may move to be appointed lead plaintiff in this case expires on December 27, 2016.[3]  *See* 15 U.S.C. § 78u-4(a)(3)(A).  Pursuant to the PSLRA's provisions, and within the requisite time frame after publication of the required notice, Rutherford timely moved this Court to be appointed lead plaintiff on behalf of all members of the class.

In addition, Mr. Rutherford has certified that he is willing to serve as a representative party on behalf of the class.  Thames Decl., Ex. A.  Finally, Rutherford has selected and retained counsel experienced in the prosecution of securities class actions to represent the class, as well as

---

[3]    The tolling period would have otherwise ended on December 26, 2016 but for the Legal Holiday observing Christmas.  Fed. R. Civ. P. 6(a)(6)(A).

skilled local counsel.   Thames Decl., Ex. D (KSF Résumé).   Accordingly, Mr. Rutherford satisfies the PSLRA's filing requirements for seeking appointment as lead plaintiff.

### 2. Mr. Rutherford Has the Largest Financial Interest in the Relief Sought by the Class

Mr. Rutherford suffered significant losses of approximately $446,000.00 as a result of purchasing Adeptus Health securities traded during the Class Period at artificially inflated prices. Thames Decl., Ex. B.  Mr. Rutherford is not aware of any other movant with a larger financial interest and believes he has the largest financial interest of any lead plaintiff movant.

### 3. Mr. Rutherford Satisfies Rule 23

The PSLRA provides that the lead plaintiff must also "otherwise satisf[y] the requirements of [Rule 23]."   15 U.S.C. § 78u-4(a)(3)(B)(iii)(I)(cc); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(iii)(I)(cc).   At the lead plaintiff stage of the litigation, a movant need only make a preliminary showing that it satisfies only two of the four prerequisites to class certification – typicality and adequacy. *Bell*, 2002 U.S. Dist. LEXIS 6850, at *17; *Gluck v. CellStar Corp.*, 976 F. Supp. 542, 546 (N.D. Tex. 1997). Consequently, in deciding a motion to serve as lead plaintiff, the Court should limit its inquiry to the typicality and adequacy prongs of Rule 23(a), and defer examination of the remaining requirements until the lead plaintiff moves for class certification.  As detailed below, Rutherford satisfies the typicality and adequacy requirements of Rule 23(a), thereby justifying his appointment as Lead Plaintiff for the Action.

### a) Mr. Rutherford's Claims Are Typical of the Claims of the Class

The typicality requirement of Rule 23(a) is satisfied when (1) the claims of the proposed lead plaintiff arise from the same course of conduct that gives rise to the other purported class members' claims, (2) the claims are based on the same legal theory, and (3) the purported class

members and proposed lead plaintiff were injured by the same conduct.  *In re Waste Mgmt. Sec. Litig.*, 128 F. Supp. 2d 401, 411 (S.D. Tex. 2000); *Bell*, 2002 U.S. Dist. LEXIS 6850, at *17.

Mr. Rutherford's claims are based on the same legal theory and arise out of the same course of events as the other purported class members' claims.  Mr. Rutherford purchased Adeptus Health securities, as did each member of the proposed class, at prices artificially inflated by Defendants' false and misleading statements and were damaged thereby.  *Bell*, 2002 U.S. Dist. LEXIS 6850, at *18.  Thus, Rutherford satisfies the typicality requirement of Rule 23(a).

**b)**      **Mr. Rutherford Will Fairly and Adequately Represent the Class' Interests**

Under Rule 23(a)(4) of the Federal Rules of Civil Procedure, the representative party must "fairly and adequately protect the interest of the class."  Fed. R. Civ. P. 23(a)(4).  A lead plaintiff is adequate where it has retained counsel that is qualified, experienced and generally able to conduct the litigation and does not have interests that are antagonistic to the class that it seeks to represent.  *Bell*, 2002 U.S. Dist. LEXIS 6850, at *19.  Here, Mr. Rutherford's interests are clearly aligned with the members of the proposed class, and there is no evidence of any antagonism between Rutherford's interests and those of the class.  Mr. Rutherford's claims raise similar questions of law and fact as claims of the members of the class, and Mr. Rutherford's claims are typical of the members of the class.

Further, Mr. Rutherford has amply demonstrated his adequacy and willingness to serve as and assume responsibilities befitting of a lead plaintiff.  Mr. Rutherford's Certification, Thames Decl., Ex. A, affirms his understanding of the duties he owes to the class and his commitment to monitor this class action, working to efficiently and effectively prosecute the litigation.  Accordingly, Mr. Rutherford satisfies the prerequisites for appointment as Lead Plaintiff pursuant to the PSLRA.

9

**D.      The Court Should Approve Mr. Rutherford's Selection of Lead Counsel for the Class**

The PSLRA vests authority in the lead plaintiff to select and retain lead counsel, subject only to court approval.  *See* 15 U.S.C. § 78u-4(a)(3)(B)(v); *see also* 15 U.S.C. § 77z-1(a)(3)(B)(v). Movant has selected KSF to serve as lead counsel for the Class.  The Court must consider whether the proposed counsel is qualified, experienced, and generally able to conduct the litigation. *Bell*, 2002 U.S. Dist. LEXIS 6850, at *18.

KSF, a national law firm with offices in Louisiana, California and New York is also well qualified to serve as lead counsel.  *See* Thames Decl., Ex. D.  The firm was recently appointed as sole lead counsel in *Irving Firemen's Relief & Ret. Fund v. Tesco PLC*, No. 14 Civ. 8495, 2015 U.S. Dist. LEXIS 38635 (S.D.N.Y. Mar. 19, 2015) (approving KSF as sole lead counsel), *In re CytRx Corp. Secs. Litig.*, No. 14-cv-01956- GHK ("Based on the firm's résumé and experience with class action securities litigation . . . the Court is satisfied that Kahn, Swick & Foti, LLC is qualified to serve as lead counsel in this case.") (C.D. Cal. June 13, 2014) and *In re Orexigen Therapeutics, Inc. Secs. Litig.*, No. 15-cv-00540-JLS ("The Court has reviewed the firm's résumé . . . and is satisfied that the lead plaintiff has made a reasonable choice of counsel.  KSF firm has extensive experience in the prosecution of securities class actions and it appears that it will adequately represent the interests of all class members.") (S.D. Cal. June 22, 2015).

KSF also serves as counsel to the lead plaintiff in the Halliburton securities litigation matter where KSF has twice prevailed before the United States Supreme Court.  *Halliburton Co. v. Erica P. John Fund, Inc.*, 134 S. Ct. 2398 (2014); *see also Erica P. John Fund, Inc. v. Halliburton Co.*, 131 S. Ct. 2179 (2011).

In turn, Potter Minton is located within Texas, and is equally qualified to serve as liaison counsel in this matter.  Thus, the Court may be assured that by granting this motion, the Class will receive the highest caliber of legal representation from KSF and Potter Minton.

## IV.    CONCLUSION

For all of the foregoing reasons, Rutherford respectfully requests that the Court: (1) consolidate the Related Actions; (2) appoint Mr. Rutherford as Lead Plaintiff; (3) approve Mr. Rutherford's choice of KSF as lead counsel and Potter Minton as liaison counsel for the Class; and (4) grant such other relief as the Court may deem just and proper.

DATED: December 27, 2016                      Respectfully submitted,

/s/ E. Glenn Thames, Jr.
E. Glenn Thames, Jr.
Texas Bar No. 00785097
glennthames@potterminton.com
POTTER MINTON
A Professional Corporation
110 N. College Avenue, Suite 500
Tyler, TX  75702
Telephone:  (903) 597-8311
Facsimile:   (903) 593-0846


**KAHN SWICK & FOTI, LLP**


Ramzi Abadou (*pro hac vice* to be submitted)
ramzi.abadou@ksfcounsel.com
912 Cole Street, #251
San Francisco, CA 94117
Office Telephone: 504-455-1400
Facsimile: (504) 455-1498

-and-

**KAHN SWICK & FOTI, LLC**
Lewis S. Kahn (*pro hac vice* to be submitted)
Alexander L. Burns (*pro hac vice* to be submitted)
Scott St. John (*pro hac vice* to be submitted)

11

206 Covington Street
Madisonville, LA 70447
Telephone: (504) 455-1400
Facsimile: (504) 455-1498
*Counsel for Proposed Lead Plaintiff Jason Rutherford and Proposed Lead & Liaison Counsel for the Class*

**CERTIFICATE OF SERVICE**

The undersigned hereby certifies that all counsel of record who are deemed to have consented to electronic service are being served with this document via the Court's CM/ECF system pursuant to Local Rule CV-5(a) on December 27, 2016.  All other counsel will be served by U.S. first-class mail.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.


**CERTIFICATE OF CONFERENCE PURSUANT TO LOCAL RULE CV-7(i):**

I HEREBY CERTIFY that counsel has read and reviewed the meet and confer requirement in LOCAL RULE CV-7(h), and respectfully requests that the meet and confer requirement be waived solely for the purposes of this motion.  This motion is filed pursuant to the PSLRA, which provides that within 60 days after publication of the required notice, any member of the proposed class may apply to the Court to be appointed as lead plaintiff. Consequently, at this time Movant's counsel has no way of knowing which class members are filing competing lead plaintiff motions and Movant's counsel has been unable to conference with any opposing counsel as prescribed in Local Rule CV-7(h).

This motion may be opposed by other potential plaintiffs.  Defendants do not have standing to oppose the appointment of Movant as lead plaintiff.  *Gluck*, 976 F. Supp. at 546 (N.D.Tex.1997)(noting "[t]he statute is clear that only potential plaintiffs may be heard regarding appointment of a Lead Plaintiff."); *Bell*, 2002 U.S. Dist. LEXIS 6850, at *6-10.

*/s/ E. Glenn Thames, Jr.*
E. Glenn Thames, Jr.