UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF TEXAS

TYLER DIVISION

| | | |
|---|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 6:16-cv-01243-RWS <br><br> CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § § | |
| ADEPTUS HEALTH INC., et al., | § § § | |
| Defendants. | § § § | |
| LABORERS' LOCAL 235 BENEFIT FUNDS, Individually and on Behalf of All Others Similarly Situated, | § § § § | Civil Action No. 6:16-cv-01391-RWS <br><br> CLASS ACTION |
| Plaintiff, | § § | |
| vs. | § § § | |
| ADEPTUS HEALTH INC., et al., | § § § | |
| Defendants. | § § § | |

**MICHIGAN LABORERS' PENSION FUND'S REPLY MEMORANDUM IN FURTHER SUPPORT OF ITS MOTION FOR APPOINTMENT AS LEAD PLAINTIFF**

## I.     INTRODUCTION

On December 26, 2016, five motions for appointment as lead plaintiff were filed by the following class members: (1) Michigan Laborers' Pension Fund (the "Pension Fund"); (2) Alameda County Employees' Retirement Association ("ACERA") and Arkansas Teacher Retirement System ("ATRS") (together the "ACERA/ATRS Group"); (3) Laborers' Local 235 Benefit Funds, Ning Tian, Manchang Tian and Stefanie L. Seese (the "Adeptus Investor Group")[1]; (4) Kui Liu, Robert Gibbons, Joel Magazine and Sohail Sattar (the "Liu Group")[2]; and (5) Jason Rutherford ("Rutherford").  Dkt. Nos. 21, 19, 18, 22, 15, respectively.

Thereafter, Rutherford submitted a response stating that: (i) he did not possess the largest financial interest; (ii) other than the Pension Fund, the remaining movants were all unrelated amalgamations of groups of class members brought together by their attorneys, and therefore failed to trigger the Private Securities Litigation Reform Act of 1995's ("PSLRA") most adequate plaintiff presumption; and (iii) the Pension Fund should be appointed sole lead plaintiff.  Dkt. No. 28.  The ACERA/ATRS Group also filed a response, arguing that they possessed the largest financial interest, and therefore, should be appointed over the competing movants.  Dkt. No. 25.

## II.    ARGUMENT

"[O]ther than pointing out its relatively low[er] financial stake in the litigation," the competing movants make *no* arguments against the Pension Fund's ability to represent the class as lead plaintiff.  *Tsirekidze v. Syntax-Brillian Corp.*, 2008 U.S. Dist. LEXIS 118562, at *19 (D. Ariz. Apr. 7, 2008) (appointing pension fund as lead plaintiff despite the fact that it had the smallest financial interest because it "is the first [movant] to meet [the PSLRA's] standards"); *Buettgen v. Harless*, 263 F.R.D. 378, 383 (N.D. Tex. 2009) (same).  Nor can they, as the Pension Fund has demonstrated that it meets the adequacy and typicality requirements of Federal Rules of Civil

---

[1]   The Adeptus Invesor Group filed a response, conceding that they do not possess the largest financial interest in the relief sought by the class, and opposing the Pension Fund's motion only on the grounds that the ACERA/ATRS Group claimed a larger financial interest.  Dkt. No. 24.

[2]   The Liu Group filed a notice of non-opposition to the competing motions, recognizing that it did not possess the largest financial interest in the relief sought by the class.  Dkt. No. 26.

Procedure Rule 23 ("Rule 23"), and no unique defenses can be raised against it.  *See* Dkt. Nos. 21, 27.

The ACERA/ATRS Group and the Adeptus Investor Group, on the other hand, are groups of class members which were assembled together by class counsel in an attempt to claim the largest financial interest.  Moreover, ATRS is also presumptively barred by 15 U.S.C. §78u-4(a)(3)(B)(vi) from serving as lead plaintiff in what would be its twenty-ninth securities class action in the last three years.[3] Dkt. No. 27 at 2-14.[4] Consequently, neither the ACERA/ATRS Group nor the Adeptus Investor Group can be appointed lead plaintiff as neither meets the PSLRA's adequacy requirement. *Id.*; *see also Marcus v. J.C. Penney Co., Inc.*, No. 6:13-CV-736, slip op. (E.D. Tex. Feb. 28, 2014) ( Dkt. No. 27-2).

Recognizing that the ACERA/ATRS Group and the Adeptus Group fail to trigger the most adequate plaintiff presumption of 15 U.S.C. §78u-4(a)(3)(B)(iii), the members of one or both "groups" may suggest that the Court can appoint one of the group members as sole lead plaintiff if the Court declines to appoint the group as a whole.  None of the individual members of the Adeptus

---

[3]   *See* Dkt. No. 27-3 (table of ATRS securities class action litigation history).  ATRS may argue that some of these twenty-eight cases in which it has served as lead plaintiff over the last three years have been resolved.  This argument, however lacks merit as "the 5-in-3 rule is *not* confined to simply the number of *presently* active cases a party is serving as a lead plaintiff in, but applies to all cases (active or otherwise) the party in question has served as a lead plaintiff in the past three years." *Cunha v. Hansen Natural Corp.*, 2009 U.S. Dist. LEXIS 61086, at *11-*12 (C.D. Cal. July 13, 2009) (emphasis in original).  "Nowhere in the statute suggest, much less does its language provide, that it is limited [to active cases], and with good reason." *Id.* at *12.  "Even once a case has been settled or finally adjudicated the lead plaintiff still remains tasked with a host of administrative duties." *Id.*  "In short, the ending of the formal case does not end the lead plaintiff's responsibilities to or for the class he, she or it was appointed to represent." *Id.*  Case in point: two of the cases in which ATRS served as lead plaintiff, *Smith v. JPMorgan Chase & Co.* and *In re MGM Mirage Securities Litigation*, settled in 2016 but are currently on appeal.  Another example: the settlement in *Plichta v. SunPower Corporation* was approved in July 2013, but lead plaintiffs (including ATRS) did not move to distribute the funds until July 2014 and again notified the court about final distribution in January 2016.  *See* Case No. 09-cv-05473, Dkt Nos. 268-269, 272, 278 (N.D. Cal.).

[4]   Tellingly, the Adeptus Investor Group, after two rounds of briefing, has still not attempted to submit any information about the group members, including the relationship (if any) between the members of the group, or how and why the group was formed in the first place.  As a result, the Adeptus Investor Group has clearly failed to timely demonstrate the bona fides of the group, and its motion must be denied.  The ACERA/ATRS Group's Joint Declaration submitted with its motion demonstrates that it was formed by counsel, and fails to meet the standard for groups set by the federal courts in Texas.  *See* Dkt. No. 27 at 2-9.  Thus, neither the ACERA/ATRS Group nor the Adeptus Investor Group should be appointed lead plaintiff in this case.

Investor Group or the ACERA/ATRS Group, however, timely filed a motion for lead plaintiff individually, separate and apart from their groups.  As a result, their "consideration for appointment as lead plaintiff rises and falls with the group," and the group members should not be considered individually for lead plaintiff appointment.  *J.C. Penney*, slip op. at 12 (rejecting group member's request that the Court consider him for lead plaintiff appointment separate from the other group members) (Dkt. No. 27-2); *In re Level 3 Commc'ns, Inc. Sec. Litig.*, 2009 U.S. Dist. LEXIS 44706, at *15-*17 (D. Colo. May 4, 2009) (finding that group members who failed to move for appointment individually could not be considered apart from their group because neither member "satisfies the prerequisite of the Reform Act's lead plaintiff provision that the person 'made a motion' in response to the notice of the putative class action") (citation omitted); *Tsirekidze*, 2008 U.S. Dist. LEXIS 118562, at *15-*16 (refusing to consider group members individually because the group "moved for lead plaintiff as a group and will be evaluated as such"); *Ross v. Abercrombie & Fitch Co.*, 2007 U.S. Dist. LEXIS 24903, at *13 (S.D. Ohio Mar. 22, 2007) ("There is no requirement in the PLSA that the Court realign a proposed group to cure a deficiency in adequacy of representation.").

In fact, any request by the groups to appoint one of their members individually shows "'a "willingness to abandon the group [and] only suggests how loosely it was put together."'"  *J.C. Penney*, slip op. at 12 (quoting *Buettgen*, 263 F.R.D. at 382; *Tsirekidze*, 2008 U.S. Dist. LEXIS 118562, at *15-*16) (Dkt. No. 27-2); *see In re Petrobras Sec. Litig.*, 104 F. Supp. 3d 618, 622-24 & n.4 (S.D.N.Y. 2015) (appointing single institution as lead plaintiff instead of groups of institutions with larger aggregated losses and noting that although one of the rejected group members had the largest individual financial interest, "it at no time sought to serve as individual lead plaintiff").[5] Neither of the groups nor their constituent members are "entitled to the presumption that it is the most adequate plaintiff because it has not made the required preliminary showing that it would adequately represent the class."  *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 U.S. Dist. LEXIS 40607, at *28 (C.D. Cal. May 2, 2006).  The groups' motions should be denied.

---

[5]   *In re Gentiva Sec. Litig.*, 281 F.R.D 108, 119 (E.D.N.Y. 2012) (rejecting combined motion of ATRS and another institutional investor because there was no pre-existing relationship and the court was not comforted by the conclusory statements in the group's joint declaration).

The Pension Fund, on the other hand, is a single institutional investor which has asked the Court to appoint a single law firm as lead counsel.  In addition, the counsel selected by the Pension Fund has been recognized by Texas courts for its experience and success in PSLRA class actions. *See generally In re Enron Corp. Sec.*, 586 F. Supp. 2d 732, 797 (S.D. Tex. 2008) (Harmon, J.) (in approving the largest securities class action settlement in history, court noted that the "experience, ability, and reputation of the attorney[s]" with Robbins Geller "is not disputed; it is one of the most successful law firms in securities class actions, if not the preeminent one, in the country"); *Schwartz v. TXU Corp.*, 2005 U.S. Dist. LEXIS 28453, at *15-*17 (N.D. Tex. Nov. 8, 2005) (Kinkeade, J.) (commenting that "[d]espite the novelty and difficulty of the issues raised" Robbins Geller attorneys "secured an excellent result" including a $149.75 million settlement fund and the adoption of "important and valuable corporate governance reforms").  The Pension Fund is the only movant that meets all of the PSLRA lead plaintiff requirements, and the Pension Fund should be appointed Lead Plaintiff.

## III.    CONCLUSION

The ACERA/ATRS Group and the Adeptus Investor Group are unrelated groupings of class members cobbled together by counsel.  Neither meets the adequacy requirements of Rule 23.  In addition, ATRS has far surpassed the PSLRA's 5-in-3 rule, and for that reason too cannot be appointed to serve as lead plaintiff in yet another securities class action.  The Pension Fund has the next largest financial interest other than these improper groups.  It also satisfies the PSLRA's typicality and adequacy requirements.  Consequently, the Pension Fund should be appointed Lead Plaintiff.

DATED:  January 18, 2017                  Respectfully submitted,

ROBBINS GELLER RUDMAN
 & DOWD LLP
SAMUEL H. RUDMAN


                                          s/ SAMUEL H. RUDMAN
                                          SAMUEL H. RUDMAN

58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)
srudman@rgrdlaw.com

ROBBINS GELLER RUDMAN
  & DOWD LLP
TRICIA L. McCORMICK
655 West Broadway, suite 1900
San Diego, CA  92101-8498
Telephone:  619/231-1058
619/231-7423 (fax)
triciam@rgrdlaw.com

[Proposed] Lead Counsel for Plaintiff

WARD, SMITH & HILL, PLLC
T. JOHN WARD, JR.
Texas Bar No. 00794818
CLAIRE ABERNATHY HENRY
Texas Bar No. 24053063
ANDREA L. FAIR
Texas Bar No. 24078488
1127 Judson Road, Suite 220
Longview, Texas 75601
Telephone:  903/757-6400
903/757-2323 (fax)
jw@wsfirm.com
claire@wsfirm.com
andrea@wsfirm.com

Local Counsel

<u>CERTIFICATE OF SERVICE</u>

I hereby certify that on January 18, 2017, I authorized the electronic filing of the foregoing with the Clerk of the Court using the CM/ECF system which will send notification of such filing to the e-mail addresses denoted on the attached Electronic Mail Notice List, and I hereby certify that I caused to be mailed the foregoing document or paper via the United States Postal Service to the non-CM/ECF participants indicated on the attached Manual Notice List.

I certify under penalty of perjury under the laws of the United States of America that the foregoing is true and correct.  Executed on January 18, 2017.

<u>s/ SAMUEL H. RUDMAN</u>
SAMUEL H. RUDMAN

ROBBINS GELLER RUDMAN
   & DOWD LLP
58 South Service Road, Suite 200
Melville, NY  11747
Telephone:  631/367-7100
631/367-1173 (fax)

E-mail:srudman@rgrdlaw.com

# Mailing Information for a Case 6:16-cv-01243-RWS Oklahoma Law Enforcement Retirement System v. Adeptus Health Inc. et al

## Electronic Mail Notice List

The following are those who are currently on the list to receive e-mail notices for this case.

- **Mario Alba , Jr**
  malba@rgrdlaw.com,e_file-ny@rgrdlaw.com,e_file_sd@rgrdlaw.com

- **Shorty Craig Barrett**
  sbarrett@kglawfirm.com

- **Richard Thaddeus Behrens**
  thad.behrens@haynesboone.com,benjamin.goodman@haynesboone.com,cecelia.madej@haynesboone.com

- **Andrea Leigh Fair**
  andrea@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

- **Claire Abernathy Henry**
  claire@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com

- **Elton Joe Kendall**
  jkendall@kendalllawgroup.com,administrator@kendalllawgroup.com

- **George L McWilliams**
  glmlawoffice@gmail.com,cheflin@kglawfirm.com

- **James R Nelson**
  jr.nelson@dlapiper.com,sherry.faulkner@dlapiper.com,docketingchicago@dlapiper.com,karen.martel@dlapiper.com

- **Samuel H Rudman**
  srudman@rgrdlaw.com,e_file_ny@rgrdlaw.com,e_file-ny@rgrdlaw.com

- **Earl Glenn Thames , Jr**
  glennthames@potterminton.com,egtdocket@potterminton.com,lindaslayter@potterminton.com

- **Thomas John Ward , Jr**
  jw@wsfirm.com,wbc@wsfirm.com,ak@wsfirm.com,hmarlowe@wsfirm.com

## Manual Notice List

The following is the list of attorneys who are **not** on the list to receive e-mail notices for this case (who therefore require manual noticing). You may wish to use your mouse to select and copy this list into your word processing program in order to create notices or labels for these recipients.

- (No manual recipients)