**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
TYLER DIVISION**

| | |
|---|---|
| OKLAHOMA LAW ENFORCEMENT RETIREMENT SYSTEM, Individually And On Behalf Of All Others Similarly Situated,<br><br>Plaintiff,<br><br>vs.<br><br>ADEPTUS HEALTH INC., THOMAS S. HALL, TIMOTHY L. FIELDING, RICHARD COVERT, DANIEL W. ROSENBERG, GREGORY W. SCOTT, RONALD L. TAYLOR, JEFFERY S. VENDER, STEVEN V. NAPOLITANO, STEPHEN M. MENGERT, STERLING PARTNERS, GOLDMAN, SACHS & CO., AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED,<br><br>Defendants. | Case No. 6:16-cv-1243<br><br>Judge Robert W. Schroeder, III |

**SUR-REPLY IN FURTHER SUPPORT OF THE MOTION OF ALAMEDA COUNTY EMPLOYEES' RETIREMENT ASSOCIATION AND ARKANSAS TEACHER RETIREMENT SYSTEM FOR APPOINTMENT AS LEAD PLAINTIFF, APPROVAL OF SELECTION OF COUNSEL, AND CONSOLIDATION OF RELATED ACTIONS**

| | |
|---|---|
| LABORERS' LOCAL 235 BENEFIT FUNDS, Individually And On Behalf Of All Others Similarly Situated,<br><br>                          Plaintiff,<br><br>vs.<br><br>ADEPTUS HEALTH INC., THOMAS S. HALL, TIMOTHY L. FIELDING, RICHARD COVERT, DANIEL W. ROSENBERG, GREGORY W. SCOTT, RONALD L. TAYLOR, JEFFERY S. VENDER, STEVEN V. NAPOLITANO, DANIEL J. HOSLER, STEPHEN M. MENGERT, STERLING PARTNERS, GOLDMAN, SACHS & CO., AND MERRILL LYNCH, PIERCE, FENNER & SMITH INCORPORATED, EVERCORE GROUP LLC, MORGAN STANLEY & Co. LLC, DOUGHERTY & COMPANY LLC, DEUTSCHE BANK SECURITIES INC., AND BMO CAPITAL MARKETS CORP.<br><br>                          Defendants. | Case No. 6:16-cv-1391<br><br>Judge Robert W. Schroeder, III |

Presumptive Lead Plaintiff ACERA and Arkansas Teacher respectfully submits this sur-reply in further support of their motion for appointment as Lead Plaintiff (ECF No. 19) and in response to arguments raised by Laborers, the lone competing movant, in its reply (ECF No. 33).[1]

ACERA and Arkansas Teacher should be appointed Lead Plaintiff because they indisputably possess the largest financial interest in this action and have provided detailed and unrebutted evidence regarding their ability to independently oversee counsel and the litigation. *See, e.g.*, ECF Nos. 19-2 ¶¶9-15 & 34-4 ¶¶5-14. Not only do ACERA and Arkansas Teacher *individually* have a far larger financial interest than Laborers, the evidence they submitted more than satisfies the standards that courts across the country have applied in appointing Lead Plaintiff groups under the PSLRA. *See* 15 U.S.C. § 78u-4(a)(3)(B)(iii)(I) (requiring appointment of qualified "***person or group of persons***" as lead plaintiff); *In re Tyson Foods, Inc. Sec. Litig.*, No. 16-cv-5340, ECF No. 33 at 8 (W.D. Ark. Jan. 25, 2017) (attached as Exhibit A to the Sur-Reply Declaration of George L. McWilliams ("McWilliams Sur-Reply Decl.")).

On reply, Laborers incorrectly contends that ACERA and Arkansas Teacher were "assembled together by class counsel in an attempt to claim the largest financial interest." ECF No. 33 at 2. This is wrong. ACERA and Arkansas Teacher *each* have a far larger financial interest than Laborers regardless of any "aggregation" of losses. Thus, Laborers' unsupported speculation is not only contrary to the unrebutted evidence, but makes no sense. *See* ECF No. 34 at 1; 15 U.S.C. § 78u–4(a)(3)(B)(iii)(II) (requiring "***proof***" to rebut presumption).

Undeterred, Laborers goes even further to claim that ACERA and Arkansas Teacher's *decision* to seek Lead Plaintiff appointment together—as explicitly permitted by statute and by

---

[1] All capitalized terms are defined in ACERA and Arkansas Teacher's moving, opposition, or reply briefs, unless otherwise indicated. *See* ECF Nos. 19, 25, 34. All emphasis is added and citations are omitted unless otherwise noted.

courts in this Circuit—somehow renders them *both* inadequate to serve in that role. *See* ECF No. 33 at 2-3. Indeed, Laborers does not challenge ACERA, an experienced institutional investor which individually asserts a loss in excess of $2.4 million, on any ground other than its purported failure to file a motion "separate and apart" from Arkansas Teacher. *Id.*[2] This argument too is wholly without merit.

The fact ACERA and Arkansas Teacher each have a far larger financial interest than Laborers—and decided to prosecute the action together as Lead Plaintiff—further *supports* their joint appointment. *See Stein v. Match Grp., Inc.*, 2016 WL 3194334, at *5 (N.D. Tex. June 9, 2016) (appointing group of investors whose "individual losses surpass those of any other putative lead plaintiff here, removing any real concern that this group of two class members was formed only to manufacture the greatest financial interest in order to be appointed lead plaintiff") (citation omitted); *Lentz v. Citadel Sec. Software, Inc.*, 2005 WL 1249441, at *2 (N.D. Tex. May 25, 2005) (appointing a group whose members each had losses that were larger than any competing movant); *Tyson Foods*, No. 5:16-cv-5340, ECF No. 33 at 8 (appointing a group of two institutional investors that "independently, have a greater financial interest in this litigation

---

[2] In reply, Laborers also repeats its erroneous "professional plaintiff" attack against Arkansas Teacher, this time complaining it may be required to tend to cases that are long settled. ECF No. 33 at 2. Again, Laborers' argument is without merit because, as Laborers itself argued in the only other lead plaintiff motion it has filed, institutional investors like Arkansas Teacher "*are exempt* from the [professional plaintiff] ban." ECF No. 34-3 at 2; *see also Bach v. Amedisys, Inc.*, 2010 WL 4318755, at *5 (M.D. La. Oct. 22, 2010) (rejecting professional plaintiff argument against institutional investors). Indeed, Laborers' suggestion that Arkansas Teacher is somehow disqualified because it oversees other securities cases does not come close to establishing "proof" to rebut the presumption or demonstrate it is somehow incapable of effectively prosecuting this case. 15 U.S.C. § 78u-4(a)(3)(B)(iii)(II). To the contrary, the evidence here—and Arkansas Teacher's experience and track record of successfully being certified as class representative in over twenty cases recovering over $2 billion for investors—shows that Arkansas Teacher's experience will only benefit the class. *See* ECF No. 34-4 ¶¶9-13; *cf. Amedisys*, 2010 WL 4318755, at *5 (rejecting professional plaintiff attack and argument that institution was "spread too thin"). As noted by another federal judge in rejecting the identical professional plaintiff argument, Arkansas Teacher "*has an excellent record* of in the past bringing and resolving other securities class actions on behalf of its beneficiaries and the class" and has the "sophistication, resources, and experience necessary to vigorously prosecute the action on behalf of the class." *In re Extreme Networks Inc. Sec. Litig.*, 2016 WL 3519283, at *4 (N.D. Cal. June 28, 2016). Laborers' baseless attacks should likewise be rejected here. *See id.*; *Amedisys*, 2010 WL 4318755, at *5.

2

than the other proposed lead plaintiffs"), McWilliams Sur-Reply Decl., Ex. A.[3]

Like its other attacks, Laborers' argument that a group "rises and falls" together cannot be squared with its prior position in the only other lead plaintiff motion it has ever filed.  In that case, Laborers specifically requested that Judge Ellison "***appoint either one or all of [the Laborers' group] members***" as lead plaintiff, and argued doing so would be in the "best interests of the Class."  ECF No. 34-2 at 1-2.  As Laborers and its counsel knows, Laborers' position here is contrary to the PSLRA and the Court's discretionary authority to consider and appoint a member of a movant group that individually asserts the largest financial interest and is adequate and typical in all respects.  *See Elstein v. Net1 UEPS Techs., Inc.*, 2014 WL 3687277, at *5 (S.D.N.Y. July 23, 2014) ("the Court may consider Lipow, the largest shareholder of this group individually, as if she had moved to be appointed as lead plaintiff alone"); *Varghese v. China Shenghuo Pharm. Holdings, Inc.*, 589 F. Supp. 2d 388, 394 (S.D.N.Y. 2008) ("the Court may consider Maa, the largest shareholder of the Maa Group, individually, as if he had moved to be appointed as lead plaintiff alone").[4]  Not surprisingly, the cases Laborers now cites to claim that the Court is somehow prohibited from doing so are not to the contrary.  *See* ECF No. 33 at 2-3.[5]

---

[3] The submission by Jason Rutherford (ECF No. 28)—an individual movant claiming the ***smallest*** financial interest—is irrelevant.  *See In re Cavanaugh*, 306 F.3d 726, 732 (9th Cir. 2002).  Notably, ACERA and Arkansas Teacher's application is supported by the Adeptus Investors, whose collective financial interest is second to only ACERA and Arkansas Teacher and includes an individual investor with a greater financial interest than Laborers.  *See* ECF No. 24.

[4] *See also In re Ply Gem Holdings, Inc. Sec. Litig.*, No. 14-cv-3577, ECF No. 36 (S.D.N.Y. Oct. 14, 2014) (appointing group member as sole lead plaintiff), McWilliams Sur-Reply Decl., Ex. B; *Shankar v. Imperva, Inc.*, No. 14-cv-1680, ECF No. 29 (N.D. Cal. Aug. 7, 2014) (same), McWilliams Sur-Reply Decl., Ex. C; *Nicolow v. Hewlett Packard Co.*, 2013 WL 792642 (N.D. Cal. Mar. 4, 2013) (same); *Stackhouse v. Toyota Motor Co.*, 2010 WL 3377409 (C.D. Cal. July 16, 2010) (same).

[5] For example, in *Buettgen v. Harless*, the movants expressed a "willingness to abandon the group," which is not the case here.  263 F.R.D. 378, 382 (N.D. Tex. 2009); *see also Marcus v. J.C. Penney Co., Inc.*, No. 6:13-CV-736, slip op. (E.D. Tex. Feb. 28, 2014) (same) (ECF No. 27-2).  ACERA and Arkansas Teacher do not wish to abandon the group, but simply note that the Court has the discretion to appoint ACERA on its own, given that it has the single-largest financial interest in this case.  Likewise, in *Ross v. Abercrombie & Fitch Co.*, 2007 WL 895073, at *4 (S.D. Ohio Mar. 22, 2007), *Tsirekidze v. Syntax-Brillian Corp.*, 2008 WL 942273, at *4 (D. Ariz. Apr. 7, 2008), and *In re Level 3 Communications, Inc. Securities Litigation*, 2009 U.S. Dist. LEXIS 44706, at *17 (D. Colo. May 4, 2009), the individual group members failed to timely submit any evidence regarding their ability to adequately represent

For these reasons and those set forth in its prior submissions, ACERA and Arkansas Teacher respectfully request that the Court appoint them as Lead Plaintiff and otherwise grant their motion.

DATED:  January 26, 2017

Respectfully Submitted,

*/s/ George L. McWilliams*
George L. McWilliams
Texas Bar No. 13877000
**LAW OFFICES OF GEORGE L. MCWILLIAMS, P.C.**
P.O. Box 58
Texarkana, Texas-Arkansas 75504
Tel: (870) 772-2055
Fax: (870) 772-0513
glmlawoffice@gmail.com

*Liaison Counsel for Proposed Lead Plaintiff ACERA and Arkansas Teacher*

Gerald H. Silk
(*pro hac vice* application forthcoming)
Avi Josefson
(*pro hac vice* application forthcoming)
Michael Blatchley
(*pro hac vice* application forthcoming)
**BERNSTEIN LITOWITZ BERGER & GROSSMANN LLP**
1251 Avenue of the Americas
New York, NY 10020
Tel: (212) 554-1400
Fax: (212) 554-1282
jerry@blbglaw.com
avi@blbglaw.com
michaelb@blbglaw.com

*Counsel for Proposed Lead Plaintiff ACERA and Arkansas Teacher and*

---

the class.  The Laborers' other cases are inapposite because they concern groups where no member individually had the largest financial interest.  *See In re Gentiva Sec. Litig.*, 281 F.R.D 108, 120 (E.D.N.Y. 2012) (declining to appoint group members who individually did not have the largest financial interest); *Schriver v. Impac Mortg. Holdings, Inc.*, 2006 WL 6886020, at *8 (C.D. Cal. May 2, 2006) (same).  Laborers' remaining out-of-Circuit authority, *In re Petrobras Securities Litig*ation, is distinguishable because there, unlike here, the group members were subject to potential unique defenses.  *See* 104 F. Supp. 3d 618, 621-23 (S.D.N.Y. 2015).

4

*Proposed Co-Lead Counsel for the Class*

Naumon A. Amjed
(*pro hac vice* application forthcoming)
Darren J. Check
(*pro hac vice* application forthcoming)
Ryan T. Degnan
(*pro hac vice* application forthcoming)
**KESSLER TOPAZ MELTZER
   & CHECK, LLP**
280 King of Prussia Road
Radnor, PA 19087
Tel: (610) 667-7706
Fax: (610) 667-7056
namjed@ktmc.com
dcheck@ktmc.com
rdegnan@ktmc.com

*Counsel for Proposed Lead Plaintiff
ACERA and Arkansas Teacher and
Proposed Co-Lead Counsel for the Class*

Matt Keil
Texas Bar No. 11181750
**KEIL & GOODSON P.A.**
406 Walnut Street
Texarkana, Arkansas 71854
Tel: (870) 772-4113
Fax: (870) 773-2967
mkeil@kglawfirm.com

*Additional Counsel for Proposed Lead Plaintiff
ACERA and Arkansas Teacher*

**CERTIFICATE OF SERVICE**

I hereby certify that on this day, January 26, 2017, I electronically filed the above Sur-Reply in Further Support of the Motion of Alameda County Employees' Retirement Association and Arkansas Teacher Retirement System for Appointment as Lead Plaintiff, Approval of Selection of Counsel, and Consolidation of Related Actions, using the CM/ECF system, which will automatically send email notification of such filing to all attorneys of record.

                                            */s/ George L. McWilliams*
                                            George L. McWilliams